UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-20036-CR-UNGARO-BENAGES

**Magistrate Brown**



UNITED STATES OF AMERICA,

Plaintiff,

vs.

NAHUM BOLANOS PENA,

Defendant.
_____/

**MEMORANDUM OF LAW**

**I.   Introduction**

The undersigned was appointed by this Court to represent the Defendant in his appeal in the Eleventh Circuit pursuant to the Criminal Justice Act (CJA) on July 20, 2004. On October 4, 2004, the undersigned filed his Unopposed Motion to Expand the Scope of CJA Counsel's Appointment, or, in the Alternative, for Separate CJA Appointment to Represent Defendant in Collateral Matters and Motion to File Under Seal. The matter was referred to Magistrate Stephen T. Brown, who ordered a hearing on the matter. At the hearing on October 20, 2004, Magistrate Judge Brown ruled that the undersigned would be granted permission to represent the Defendant

1

in matters which are collateral to the Defendant's appeal, but deferred ruling on the issue of the Defendant's entitlement to representation and the issue of compensation to the undersigned for services rendered under the Criminal Justice Act. Magistrate Judge Brown ordered the undersigned to file a memorandum of law on these issues.

## II.  Argument

18 U.S.C. § 3006A(c) provides, in pertinent part: "Duration and substitution of appointments.– A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings." In In re Lindsey, 875 F.2d 1502 (11th Cir. 1989), the Eleventh Circuit reviewed a petition from a convicted murderer for a writ of mandamus directing the district court to appoint counsel with three years' experience handling felony appeals to represent him in his Alabama state court collateral review proceedings, and also to provide a psychiatrist. The Court ultimately determined that petitioner was not entitled to the writ because the Alabama state court collateral review proceedings were not "procedural mechanisms employed within the context of a federal action to insure the protection of a person's rights in that action." 875 F.2d, at 1508.

However, in its opinion, the Court quoted from the House Report

accompanying Pub.L. 91-447, which extended representation under section 3006A to include ancillary matters:

> [Subsection (c) would not only provide for appointed counsel at every stage of the trial from initial appearance through appeal, but also for "ancillary matters appropriate to the proceedings." This provision is necessary to insure that the rights of the person are fully protected. . . . [T]he express inclusion of "ancillary matters appropriate to the proceedings" will insure that the attorney who spends time and effort to protect a right considered valuable in defending the principal charge can be compensated under the act. Id. (quoting H.R.Rep. No. 1546, 91st Cong., 2$^{d}$ Sess., *reprinted in*, 1970 U.S. Code Cong. & Admin. News 3982, 2989.

While the ancillary matters concerned in the case *sub judice* are not trial-related, as was also the case in In re Lindsey, they do involve the possibility that the Defendant may be required to give up or otherwise waive his right to appeal, a substantial right for which the undersigned was appointed, and they may also require further proceedings before the district court concerning the Defendant's sentence. Under such circumstances, where counsel was appointed to represent the Defendant in his direct federal appeal, and where counsel believes that he will be able to assist the Defendant and counsel him where his substantive rights are concerned with regard to that appeal, the ancillary matters contemplated here are "comprehended within the action for which the appointment was made," 875 F.2d at 1508, and the appointment of counsel to represent the Defendant in these ancillary matters is "necessary to insure

that the rights of the person are fully protected." Id.

While the quoted material from In re Lindsey, above, resolves both issue of the Defendant's entitlement to counsel and the issue of compensation to the undersigned, the issue of whether the Eleventh Circuit or the District Court should compensate the undersigned for his representation in these ancillary matters is not addressed in the statute or in the case cited. The undersigned believes that it would be appropriate for the District Court to make separate appointment under the CJA for this purpose, since the matters under consideration are, in fact, ancillary to the appeal for which the undersigned will be compensated by the Eleventh Circuit.

## III. Conclusion

Based upon the argument and authorities cited, the undersigned respectfully requests that this Court enter an order appointing the undersigned to represent the Defendant pursuant to the CJA in matters ancillary to his appeal, with compensation and the necessary voucher to be prepared by the District Court.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been mailed to: Anne R. Schultz and Anthony Gonzalez, Assistant United States Attorneys, Office of the United States Attorney, 99 NE 4th Street, Suite 500, Miami, Florida 33132, and to Nahum Bolanos Pena, # 70456-004, FDC Miami, P.O. Box 019120,

Miami, Florida 33101-9120 this 4th day of November, 2004.

                        Respectfully submitted,

                        NEAL GARY ROSENSWEIG, P.A.
                        Attorney for Defendant/Appellant
                        P.O. Box 814598
                        Hollywood, Florida 33081-4598
                        954-962-7720
                        954-962-8750 (FAX)

by: *Neal Gary Rosensweig*
NEAL GARY ROSENSWEIG, ESQ.